**NOT FOR PUBLICATION**

**FILED**

JUL 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY VANESSA GARCIA-MARTINEZ; et al., | No.   15-72062 |
| Petitioners, | Agency Nos.   A205-375-299<br>A205-301-888 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Cindy Vanessa Garcia-Martinez and her minor child, natives and citizens of

El Salvador, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, and denying Garcia-Martinez's applications for

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish their proposed social groups are socially distinct. *See id.* at 1243 (petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that petitioners did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Petitioners' asylum and Garcia-Martinez's withholding of removal claims thus fail.

We lack jurisdiction to consider Garcia-Martinez's contentions as to the merits of a CAT claim because she did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**